**GIBSON DUNN**

Thomas G. Hungar
Partner
T: +1 202.887.3784
M: +1 202.595.4889
thungar@gibsondunn.com

September 18, 2025

VIA CM / ECF

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Sonterra Capital Master Fund Ltd., et al. v. UBS AG, et al.*, No. 24-1954

Dear Ms. Wolfe:

In *Sullivan v. UBS AG*, No. 19-1769 (2d. Cir. Aug. 22, 2025), the Court held that antitrust injury was sufficiently alleged because plaintiffs' transactions were "priced using an industry-standard formula" incorporating the manipulated rate. Op.28-29. Here, however, Plaintiffs' allegation that a Yen-LIBOR-based formula determines the price of Yen-based foreign-exchange forwards, SAC ¶¶ 266-269 (JA3524-25), is contradicted by Plaintiffs' own allegations and implausible. Def.Br.21-24.

Plaintiffs allege that on March 12 and 14, 2008, CalSTRS entered into foreign-exchange forwards at a "price" of 105.045 Yen per USD. SAC ¶ 942 (JA3812); Reply 13. Cross-referencing their formula, SAC ¶ 938 (JA3811), Plaintiffs claim this price was based on manipulated three-month Yen-LIBOR rates, SAC ¶¶ 943-44 (JA3813). But Plaintiffs' formula produces prices materially different from the alleged transaction price: 100.69–102.86 on March 12 and 98.49–100.68 on March 14, depending on the hour-by-hour spot rate.[1] It is not plausible that the formula (as opposed to market perceptions) generated the 105.045 transaction price—which is significantly higher than even the highest price generated by the formula. Def.Br.20-25.

Moreover, Plaintiffs claim that their formula is based on published Yen-LIBOR rates, SAC ¶ 266 (JA3524), but they did not allege that any fraudulent *submission* ultimately affected the published *rate*.

---

[1] Three-month Yen-LIBOR rates for March 12 and 14, were 0.98000% and 0.97125%, respectively, and three-month USD LIBOR rates were 2.85000% and 2.76375%. Spot prices ranged between 101.125–103.31 on March 12, and 98.89–101.09 on March 14. These judicially noticeable rates are available at https://www.global-rates.com/en/interest-rates/libor/japanese-yen/51/jpy-libor-interest-rate-3-months/, https://www.global-rates.com/en/interest-rates/libor/american-dollar/21/usd-libor-interest-rate-3-months/, and https://finance.yahoo.com/quote/JPY%3DX/history/.

# GIBSON DUNN

Catherine O'Hagan Wolfe  September 18, 2025
U.S. Court of Appeals for the Second Circuit  Page 2

*Sullivan* is also distinguishable because those plaintiffs alleged that a regression analysis showed a statistically significant relationship between Euribor and futures prices, No. 1:13-cv-2811, Dkt. 174 ¶ 124 (Aug. 13, 2015), and that foreign-exchange forwards were impacted "in the same way." Op.7. Plaintiffs here make no such allegation.

Lastly, *Sullivan* is distinguishable because *two* benchmarks are commonly used for Yen-based derivatives: Yen LIBOR and Euroyen TIBOR. Def.Br.8, 23. Thus, Plaintiffs necessarily made an "independent decision" to "incorporate" Yen LIBOR, which violates the "'first-step rule.'" *In re Platinum & Palladium Antitrust Litig.*, 61 F.4th 242, 260 (2d Cir. 2023).

Respectfully submitted,

/s/ *Thomas G. Hungar*

Thomas G. Hungar

*Counsel for UBS AG and UBS Securities Japan Co. Ltd.*

cc: All counsel (via ECF)